# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Far Out Music, Inc. and Perren Vibes Music, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> O'Shaughnessy Distillery, LLC, Patrick O'Shaughnessy, Michael O'Shaughnessy, and Michael Duggan <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT** |

Plaintiffs, complaining of the Defendants, by their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

1

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant O'Shaughnessy Distillery, LLC ("OSD") is a limited liability company organized under the laws of the state of Minnesota with principal offices located at 600 Malcolm Avenue Southeast, Minneapolis, Minnesota 55414.

6. At all times hereinafter mentioned, OSD did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as O'Shaughnessy Distilling Co. ("O'Shaughnessy"), located at 600 Malcolm Avenue Southeast, Minneapolis, Minnesota 554147.

7. Musical compositions were and are publicly performed at O'Shaughnessy.

8. On information and belief, defendant Patrick O'Shaughnessy is an individual who resides and/or does business in this district.

9. On information and belief, defendant Michael O'Shaughnessy is an individual who resides and/or does business in this district.

10. On information and belief, defendant Michael Duggan (Michael Duggan and,

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

together with OSD, Patrick O'Shaughnessy, and Michael O'Shaughnessy, the "Defendants") is an individual who resides and/or does business in this district.

11. At all times hereinafter mentioned, Patrick O'Shaughnessy, Michael O'Shaughnessy, and Michael Duggan were, and still are, the members, directors, officers, and/or owners of OSD.

12. At all times hereinafter mentioned, Patrick O'Shaughnessy, Michael O'Shaughnessy, and Michael Duggan were, and still are, jointly responsible for the control, management, operation, and/or maintenance of the affairs of OSD.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at O'Shaughnessy, including the right and ability to supervise and control the public performance of musical compositions at O'Shaughnessy.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at O'Shaughnessy.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its

3

members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. Since December 2022, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for O'Shaughnessy. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

18. Defendants have refused all of ASCAP's license offers to O'Shaughnessy.

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at O'Shaughnessy constitute copyright infringement of ASCAP's members' copyrights in their musical works.

20. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at O'Shaughnessy, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The original musical composition named in causes of action 1 and 3 were registered as unpublished, and since the date of registration have been printed and published in strict conformity with Title 17 of the United States Code.

23. The original musical compositions named in causes of action 2 was published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. The original compositions named in cause of action 2 is now in its renewal terms of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the claims of renewal in the names of the claimants listed in Column 7. The dates and identification numbers of the respective renewal certificates are set forth in Column 8.

26. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at O'Shaughnessy, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at O'Shaughnessy of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

29. The many unauthorized performances at O'Shaughnessy include the performances of the three copyrighted musical compositions upon which this action is based.

30. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

31. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any other musical composition in the ASCAP repertory, and from causing or permitting the said compositions, or any other musical composition in the ASCAP repertory, to be publicly performed at O'Shaughnessy, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    IV.    For such other and further relief as may be just and equitable.

Dated: March 9, 2025

*/s/ Leita Walker*
Leita Walker (No. 0387095)
Nathaniel Cardinal (No. 0505616)
BALLARD SPAHR LLP
2000 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2119
Telephone: (612) 371-3211
Facsimile: (612) 371-3207
walkerl@ballardspahr.com
cardinaln@ballardspahr.com

*Attorneys for Plaintiffs*

**Schedule A**

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff(s) | Musical Composition | Writer(s) | Date of Publication or Registration | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | FAR OUT MUSIC, INC. | WHY CAN'T WE BE FRIENDS? | Sylvester Allen<br>Harold R. Brown<br>Morris Dickerson<br>Leroy Jordan<br>Charles W. Miller<br>Lee Oskar<br>Howard Scott<br>Jerry Goldstein | August 7, 1995 (Registered as unpublished) | PAu 1-987-026 | | | November 21, 2025 |
| 2. | FAR OUT MUSIC, INC. | LOW RIDER | Sylvester Allen<br>Harold R. Brown<br>Morris Dickerson<br>Leroy Jordan<br>Charles W. Miller<br>Lee Oskar<br>Howard Scott<br>Jerry Goldstein) | May 16, 1975 | EP 338262 | Sylvester Allen<br>Harold R. Brown<br>Morris Dickerson<br>Leroy Jordan<br>Charles W. Miller<br>Howard Scott<br>Jerry Goldstein<br>Lee Oskar | RE 875-495 December 31, 2002 | November 21, 2025 |
| 3. | PERREN VIBES MUSIC, INC. | I WILL SURVIVE | Dino G. Fekaris<br>Frederick J. Perren | August 16, 1978 (Registered as unpublished) | PAu 47-934 | | | November 21, 2025 |